## THE M. V. BUCHANAN.

### ASP v. AMERICAN EXPORT LINES, Inc., et al.

District Court, S. D. New York.
July 8, 1942.

---

[1] No opinion for publication.

Melton, Lebovici & Arkin, of New York City, for libelant.

Haight, Griffin, Deming & Gardner, of New York City, for respondents.

GODDARD, District Judge.

The respondent, American Export Lines, Inc., has filed seven exceptions to the libel in an action by a seaman to recover unpaid wages; unpaid maintenance, hospital and medical expenses; damage for failure to provide necessary medical attention and penalties under 46 U.S.C.A. § 596 for failure to pay wages when due.

In passing on these exceptions the following facts must be deemed admitted: The libelant was employed as a carpenter on the M. V. Buchanan, a steamship registered as owned in the Republic of Panama and flying the Panamanian flag. He commenced his employment on September 10, 1941, and remained so employed until February 15, 1942. His contract of shipment provided that he was to be paid a certain monthly salary and bonus, together with additional payments in the event that the vessel visited certain ports. Libelant became ill on December 7, 1941, while the vessel was at sea. Presumably he was paid his wages up to this date but was not paid for any time thereafter.

Both parties concede that the law of Panama is applicable but the respondent contends that under the sections of the Panama law pleaded in the libel, libelant is not entitled to wages, medical treatment and maintenance until such time as he is cured and able to return to work, nor is he entitled to compensation in the event that he is permanently incapacitated. Accordingly, respondent excepts to Articles 16, 18, 19, 20 and 21 of the libel wherein it is alleged in substance that under the law of Panama, libelant is entitled to such wages, maintenance and medical treatment.

The Panama statute, Decree No. 71 of 1927, Articles 1216 to 1219 inclusive, provides in substance that any seaman who may become ill during a voyage shall be entitled to "wages and to proper treatment and care at the expense of the ship. In case of mutilation he shall be indemnified according to agreement, * * *". Such wages are to be paid not only "up to the time of his recovery but up to the day on which he shall be fit to return to the port of his enrollment, * * *". If such illness occur while the seaman is ashore without leave, he is "entitled only to wages due; his treatment and maintenance" to be at his own expense. Articles 1222, 1223 and 1226 of the Panama statute which were not pleaded but which have been called to the court's attention by the respondent, provide that if a seaman is dismissed, the master shall pay him his "dues according to agreement up to the day of" his dismissal; that a seaman may be dismissed for "Unfitness to perform the tasks and fulfill the duties of his post" and that contract with seamen may be revoked for "sickness of the seaman incapacitating him for the performance of the duties for which he was engaged".

It is not clear from a mere reading of these statutes whether a seaman is entitled to wages, maintenance and care until recovery or only until the ship reaches the port of enrollment. If we assume that he is entitled to such benefits until recovery, it is likewise not clear as to what his rights are in the event that he is permanently incapacitated. The parties are not in agreement as to the proper construction of these statutes. Where there is such a dispute between litigants, foreign law becomes a question of fact to be determined after both parties have had an opportunity to prove, by expert testimony or otherwise, what the law is. Until we know how the Panama law is to be construed, we cannot determine whether the allegations in the libel, which are based upon libelant's construction of such law, are properly pleaded or not. Accordingly, respondent's exceptions to one to five relating to Articles 16, 18, 19, 20 and 21 are dismissed.

Respondent's sixth exception relating to the third cause of action alleged in the libel must be dismissed for the same

reason. If, under Panama law, libelant is entitled to necessary medical attention and care until recovery, and such law is deemed a part of the contract of employment, the failure to furnish such treatment and care would be a breach of contract for which the libelant would be entitled to recover such consequential damages as flow therefrom.

■ The substance of respondent's seventh exception which relates to the fourth cause of action pleaded in the libel is that the libelant's right to recover in this action is governed by Panama law and under such law he is not entitled to two days pay for each and every day that his wages remain unpaid from February 15, 1942. Assuming this to be so, libelant contends that he is entitled to such pay under the provision of 46 U.S.C.A. § 596. Thus the question is presented as to whether or not such statute is applicable to the libelant in this case. I think it is. The Sonderborg, 47 F.2d 723, certiorari denied Akties Dampskibsselskabet Donneborg v. Mikkelsen, 284 U.S. 618, 52 S.Ct. 7, 76 L.Ed. 527. The seventh exception is likewise dismissed.

Respondent's exceptions to Articles 16, 18, 19, 20 and 21 and to the third and fourth causes of action pleaded in the libel are dismissed.

Settle order on notice.